UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CONLEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STANISLAUS COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>　　　　　Respondents. | No. 1:22-cv-00680-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME**<br>**[Doc. 7]**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR FAILURE TO EXHAUST STATE REMEDIES**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant habeas petition on June 6, 2022, challenging the sentence he received on his 2021 conviction in Stanislaus County Superior Court. Because the petition appeared to be unexhausted, Petitioner was ordered to show cause why it should not be dismissed without prejudice. Petitioner was also notified that he had failed to name a proper respondent, and he was granted leave to amend the petition.

　　　On June 23, 2022, Petitioner filed a response to the order in which he requested additional time. Because it is clear that the petition is unexhausted, the request for extension of time will be denied, and the Court will recommend the petition be dismissed without prejudice.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim

that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

In his motion for extension of time, Petitioner states he is waiting for the trial court to respond to his habeas petition.  Thus, it is clear that Petitioner has not exhausted his state remedies and has only just begun the process of exhaustion which includes seeking relief in the California Supreme Court.  The Court cannot consider a petition that is unexhausted, and the petition must be dismissed.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The dismissal should be without prejudice to refiling once exhaustion has been completed.

C.     Proper Respondent

Petitioner has named the Stanislaus County Public Defender's Office and his former defense attorney as Respondents.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the

3

1 petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. 
2 Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. 
3 However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d 
4 at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper 
5 respondent is his probation or parole officer and the official in charge of the parole or probation 
6 agency or state correctional agency.  Id.

7      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition 
8 for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 
9 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd 
10 Cir. 1976).  Petitioner was afforded the opportunity to cure this defect by amending the petition to 
11 name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 
12 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (*en* 
13 *banc*) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of 
14 Washington, 394 F.2d 125 (9th Cir. 1968) (same).  However, in his response to the Court's order, 
15 Petitioner did not address the deficiency in the petition by naming a proper respondent and 
16 requesting the Court to amend the name of the respondent.  Therefore, the petition must also be 
17 dismissed for lack of jurisdiction.

18 **ORDER**

19      Accordingly, IT IS HEREBY ORDERED:

20      1)     The Clerk of Court is DIRECTED to assign a district judge to the case; and

21      2)     Petitioner's motion for extension of time is DENIED.

22 **RECOMMENDATION**

23      For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED 
24 WITHOUT PREJUDICE for failure to exhaust state remedies and for lack of jurisdiction.

25      This Findings and Recommendation is submitted to the United States District Court Judge 
26 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 
27 of the Local Rules of Practice for the United States District Court, Eastern District of California. 
28 Within twenty-one (21) days after being served with a copy, Petitioner may file written objections

with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Yl</u>st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 28, 2022**                             /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE